UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WAYNE PAIGE, | No. 2:15-cv-1399-TLN-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a county inmate proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has reviewed the petition pursuant to Rule 4 and, as explained below, it must be dismissed for lack of jurisdiction.

This court may entertain a challenge to custody imposed pursuant to the judgment of a state court only on the ground that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. For a federal court to have jurisdiction, petitioner must at the time he files his petition be in custody pursuant to the judgment of the state court. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989); *see also Carafas v. LaValle*, 391 U.S. 234, 238 (1968).

/////

1    In this case, petitioner challenges a 1989 judgment of conviction, which became final in 1990 after the California Supreme Court denied his petition for review. *See* ECF No. 1. He was sentenced to a term in state prison as a result of that judgment, and was released from custody in November 1992. *Id.* Petitioner cannot challenge the 1989 judgment because he is no longer in custody as a result of that judgment. *See Woodall v. Beauchamp*, 450 F. App'x 655, 657 (9th Cir. 2011) (habeas petitioner must be in custody as a result of the challenged conviction, not on unrelated charges). Because petitioner was not in custody pursuant to the judgment of conviction when he filed his petition, this action must be dismissed for lack of subject matter jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant)

Dated: September 23, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE